### SMITH et al. v. WILKINSON.
### No. 3323.

Circuit Court of Appeals, First Circuit.
June 10, 1938.

Maurice A. Broderick, of Manchester, N. H. (James A. Broderick, of Manchester, N. H., on the brief), for appellants.

F. A. Normandin, of Laconia, N. H. (F. E. Normandin, of Laconia, N. H., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an appeal from a decree of the federal District Court for New Hampshire dismissing a bill in equity charging infringement of a copyrighted book consisting of a series of cuts or prints and reading matter used in connection therewith for advertising purposes, and asking for an injunction restraining further infringement.

In the District Court it was found that the defendant never knowingly infringed the copyright; that upon notice that the cuts or prints in his possession were a part of a copyrighted book he refrained from further infringing. The plaintiffs, however, contend that at the time the prints or cuts came into the defendant's possession under a contract for their use by him for three years, they were enclosed in a cover bearing on its outside "Copyrighted, 1924 Doll & Smith, 450 Fourth Ave. New York," and that the cuts or prints each bore the letter C in a circle and DS outside and adjacent to the circle. The District Court, however, found that the cuts or prints delivered to the defendant were not enclosed in a cover, or in a cover bearing the notice above described, or any notice of the copyright, and that the letter C in the circle, with the letters DS on the cuts or prints, were so small and indistinguishable that it was impossible with the naked eye to identify the marks or to distinguish them from the marginal scroll within which they are found; that no one would discover them without the closest scrutiny and the use of a magnifying glass; and further that the cuts or prints, with the reading matter thereon, were not copyrighted separately and apart from the book, and, if they had been, the marks thereon did not comply with the statute as to notice, for they did not bear the name of the copyright proprietor (U.S.C., Title 17, Sec. 18, 17 U.S. C.A. § 18). After an examination of the evidence bearing on these questions of fact, we are of the opinion that the court below did not err in its findings and that they should be affirmed.

The Copyright Act (U.S.C., Title 17, Sec. 20, 17 U.S.C.A. § 20) points out that where the proprietor of a copyright "has sought to comply with the provisions of the Act [this title] with respect to notice, the omission by accident or mistake of the prescribed notice from a particular copy or copies shall not * * * prevent recovery for infringement against any per-

son who, after actual notice of the copyright, begins" infringing it, "but shall prevent the recovery of damages against an innocent infringer." This defendant, upon actual notice of the copyright, ceased infringing. Down to that time he was an innocent infringer and not responsible in damages for prior infringement, and, having ceased infringing on receiving notice that the cuts or prints were claimed to have been copyrighted, there was no occasion for granting an injunction and the bill was properly dismissed.

The decree of the District Court is affirmed, with costs to the appellee.